UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 14 6898

------------------------------------------------------------------X

Neal Clarke,

        Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER GIANNELLI TAX #949023, POLICE OFFICERS JOHN DOE # 1 through approximately # 10, the names being fictitious and presently unknown, in their individual and official capacities as employees of the City of New York Police Department,

        Defendants.

------------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

JOHNSON

AZRACK, M.J.

The Plaintiff, Neal Clarke, by his attorney, Gregory Zenon, Esq., of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against Police Officer Giannelli and Police Officers John Doe # 1-10, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

### JURISDICTION

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

### VENUE

3. Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because this is a judicial district in which the events or omissions giving rise to the claim occurred, and because defendant Giannelli is assigned to a Precinct in Kings County, New York, within the confines of the Eastern District of New York.

### PARTIES

4. Plaintiff at all times relevant hereto resided in the City and State of New York.

5. At all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officer Giannelli and/or additional defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11. Plaintiff is a college educated 53 year-old Brooklyn resident with no criminal record and an adult daughter. During the relevant time frame Plaintiff was in possession of a valid NY state driver's license.

12. On 3 December 2011 at approximately 8pm Plaintiff left his daughter's home to run some errands. As he drove down Flatbush he picked up a friend. Plaintiff made a lawful stop in a parking space to let out his friend and to go into a deli.

13. When Plaintiff got back in his car to drive off, Defendant Officers in plain clothes in an unmarked car blocked him in. Without cause or justification they demanded Plaintiff's driver's license. Defendants threatened Plaintiff and without warning pulled him from his vehicle and used profanity as they threw him against his car, and handcuffed him behind his back so roughly that it caused pain and suffering. Then Defendants hit Plaintiff in the head and neck. Then Defendants threw him to the ground and continued assaulting him.

14. During the assault everything in Plaintiff's pockets fell to the ground. When Plaintiff asked Defendants to retrieve his property they hit him. Defendants then roughly tossed Plaintiff into a marked vehicle and hit him one last time in the face.

15. Defendants took Plaintiff to the 70 Precinct and placed him in a cell. He was not photographed, fingerprinted, or told why he had been arrested. When he complained of pain and requested medical attention, Defendants refused. Defendants insisted Plaintiff's valid NY State driver's license was invalid and released Plaintiff

2

with two summonses. He then went to the hospital where he was treated for injuries to the chest, chest wall, head, face, neck, body, and limbs.

16. Both summonses were dismissed in court as legally insufficient.

### FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

17. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

18. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

19. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

20. As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

21. There is indication that the actions of the arresting officers in this case were the result of racial animus.

### SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

22. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

23. Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiff as a result of the conduct of its employees, agents, and servants.

24. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

25. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

26. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

27. Defendant CITY OF NEW YORK has damaged the Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

28. Defendants subjected Plaintiff to false arrest and false imprisonment.

29. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

30. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

31. Defendant Giannelli illegally arrested Plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty with probable cause.

32. That as a result of the foregoing, Plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

33. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

**FOURTH CAUSE OF ACTION**
(FOURTEENTH AMENDMENT)

34. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

35. Defendant Giannelli illegally arrested Plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty with probable cause.

36. That as a result of the foregoing, Plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; Plaintiff's rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

37. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

**FIFTH CAUSE OF ACTION**
(ASSAULT and EXCESSIVE FORCE)

38. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

39. That the Court has pendant jurisdiction of this claim.

40. That as a result of the foregoing, the defendant Officer Giannelli intentionally put the Plaintiff in fear and fright of imminent physical harm.

41. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of Defendant Giannelli, NEW YORK CITY POLICE DEPARTMENT, and CITY OF NEW YORK in the amount of One Million ($ 1,000,000.00) Dollars.

**SIX CAUSE OF ACTION**
(BATTERY and EXCESSIVE FORCE)

42. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

43. Defendant Giannelli battered the Plaintiff.

4

44. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendant Giannelli, NEW YORK CITY POLICE DEPARTMENT, and CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### SEVENTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

45. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

46. Defendants caused a false accusatory instrument to be filed against Plaintiff.

47. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

48. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

49. Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

### EIGHTH CAUSE OF ACTION
(CONDITIONS of CONFINEMENT/DELIBERATE INDIFFERENCE to MEDICAL NEEDS)

50. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

51. Plaintiff was denied medical treatment at the precinct.

52. After the arrest, Plaintiff suffered pain.

53. Defendants knew about Plaintiff's condition but failed to take corrective actions to accommodate him.

54. As a result of defendants' conduct, Plaintiff suffered injuries.

### NINTH CAUSE OF ACUTION
(DENIAL of a FAIR TRIAL)

55. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

56. Defendant's misrepresentations about Plaintiff to prosecutors deprived Plaintiff of liberty because he was required to appear in court after the misrepresentations were made.

57. Accordingly, defendants are liable to Plaintiff under the Sixth Amendment for denying him a fair trial.

58. As a result, Plaintiff suffered the injuries as set forth within this complaint.

### TENTH CAUSE OF ACTION
(CRUEL and UNUSUAL PUNISHMENT)

59. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

60. Plaintiff was denied medical attention and his physical condition suffered.

61. As a result of defendants' conduct, Plaintiff unnecessarily suffered cruel and unusual punishment.

### ELEVENTH CAUSE OF ACTION
(NEGLIGENCE)

62. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

63. Defendants' owed a duty to Plaintiff who was a prisoner in the custody and care of defendants.

64. Defendants breached their duty to Plaintiff.

65. As a result, Plaintiff suffered injuries.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

B. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

C. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: 24 NOVEMBER 2014
New York, New York

Gregory Zenon, The Law Office of Gregory Zenon
30 Wall Street, 8th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff

6